WILLIAM GOLDMAN THEATRES, INC.

v.

PARAMOUNT FILM DISTRIBUTING CORPORATION et al.

Civ. A. No. 40871.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1969.

Blank, Rome, Klaus & Comisky, by Morris L. Weisberg, Philadelphia, Pa., for plaintiff.

Schnader, Harrison, Segal & Lewis, by Irving R. Segal, Bancroft D. Haviland, Arthur H. Kahn, Philadelphia, Pa., for Paramount Pictures Corp. (formerly Paramount Film Distributing Corp.), Columbia Pictures Industries, Inc. (formerly Columbia Pictures Corp.), and Universal Film Exchanges, Inc.

Wolf, Block, Schorr & Solis-Cohen, by Franklin Poul, Philadelphia, Pa., for Warner Bros.-Seven Arts Distributing Corp. (formerly Warner Bros. Pictures Distributing Corp.) and Avco Embassy Pictures Corp. (formerly Embassy Pictures Corp.)

Morgan, Lewis & Bockius, by Ernest R. von Starck, Philadelphia, Pa., for Twentieth Century-Fox Film Corp.

Dechert, Price & Rhoads, by Richard G. Schneider, Philadelphia, Pa., for Buena Vista Distribution Co., Inc.

## OPINION AND ORDER

HANNUM, District Judge.

This antitrust action was instituted under sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2. During the course of pre-trial discussions, the question arose as to whether this action may properly be maintained as a class action under Fed.R.Civ.P. 23. At the direction of the Court, the parties briefed and argued the issue on October 7, 1969. After considering the respective contentions of the parties, the Court concludes

that this action is not properly maintainable as a class action. This determination, however, does not preclude the plaintiff from maintaining this action in its individual capacity.

Plaintiff, William Goldman Theatres, Inc. (hereinafter "Goldman"), at the time of this action, operated three first-run motion picture theatres in Philadelphia. Goldman alleges that defendants, seven motion picture distributors (hereinafter "distributors"), offered certain motion pictures for bidding to first-run theatres in Philadelphia without having first held a trade showing of the pictures. Plaintiff refers to this procedure as "blind-bidding" and further alleges that said "blind-bidding" by an individual distributor violates the antitrust laws; that defendants have conspired with each other in connection with blind-bidding; and that defendants have discriminated by letting some exhibitors screen pictures before bidding while others, including Goldman, were not given this opportunity.

In addition to asserting these claims on its own behalf, Goldman seeks to expand this action into a class action pursuant to Fed.R.Civ.P. 23, contending to represent 460 first-run motion picture theatres in 95 United States cities of over 100,000 population.

In order to qualify as a class action, the present action must meet all the requirements of Rule 23.[1] Rule 23(c)(1) provides that the court shall determine by order whether a class action is to be so maintained. The Rule also contemplates that depositions or other proof may be utilized to establish the propriety of the class action.

█ Plaintiff has failed to establish that the class is so numerous as to preclude joinder as required by Rule 23(a)(1). Plaintiff's complaint adverts to over 400 theatres, but theatres are not potential plaintiffs—their operators are.

---

1. Rule 23(a) and (b) provide that the following prerequisites must be satisfied:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, *and in addition*: (emphasis added)

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

"(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include; (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

Goldman operates three first-run theatres in Philadelphia alone. Many other exhibitors operate a large number of first-run theatres in the cities in question. There is no evidentiary support for the allegation as to the number of potential plaintiffs. Furthermore, the complaint attacks one method of distributing pictures,—*i. e.*, bidding. Yet there is no allegation and, of course, no proof that first-run bidding prevails in motion picture distribution in any of these cities other than Philadelphia. Defendant argues that in most of these cities pictures are not licensed by bidding at all, but are licensed by negotiations. Therefore, in actuality, there is no basis for a finding that the class consists of more than a relatively small number of operators whose joinder, should they so·desire (and to date none has indicated any such desire) would be quite practicable. Further, since the principal portion of plaintiff's claim relies on alleged discrimination to favor some exhibitors at the expense of others, those allegedly favored must also be eliminated, thus further reducing the number of potential plaintiffs,—*i. e.*, the disfavored companies operating first-run theatres in those cities over 100,000 where first-run bidding prevails.

■ Where there is no showing by plaintiff as to the size of the alleged class, or where the number of members of the alleged class is not so large that intervention would be impracticable, a class action is inappropriate. Brooks v. Briley, 274 F.Supp. 538 (M.D.Tenn., 1967); Herbst v. Able, 278 F.Supp. 664 (S.D.N.Y., 1967); Crawford v. Texaco, Inc., 40 F.R.D. 381 (S.D.N.Y., 1966); Ripley v. Denver U. S. National Bank, 260 F.Supp. 704 (D.C.Colo., 1966).

In Lucas v. Seagrave Corporation, 277 F.Supp. 338, at p. 347 (D.Minn., 1967), in holding that a class action was not appropriate, the court states:

" * * * However, without ruling on the remainder of defendant's objections, it is sufficient to hold that the plaintiffs have failed to demonstrate that the class is so numerous ·that joinder of all members is impracticable. The new amended rule has not affected this requirement which must be demonstrated positively by the plaintiffs. * * * Plaintiffs' contention that the small size of the various claims makes joinder impracticable is not responsive to the directive of the rule. This is not to say that the class is too small, but only that it appears that joinder of the other members of the purported class could be effected with relative ease. See Crawford v. Texaco, Inc., 40 F.R.D. 381 at 385 (S.C.N.Y.1966). Since this requirement of Rule 23(a) has not been met, this suit is not now maintainable as a class action."

Thus, any determination by this Court that the class is numerous enough to require a class action would be mere speculation. Plaintiff has failed to establish the size of the class as well as whether the class is so large as to practically preclude intervention.

■ Rule 23(a) (2) requires that there be questions of law or fact common to the class. The procedures followed by each distributor in bidding and negotiation not only vary from city to city, but also vary among the individual distributors in any given city. Thus, there are numerous methods by which any of the exhibitors, which plaintiff seeks to include in his class, obtain various films for first-run showings. Furthermore, the theatres, cities, pictures blind-bid, factors dictating blind-bidding, the fact, nature and extent of damage, and the question of discrimination in screening could be entirely different as to each member of the class. Even if these factual questions are common to certain·members of the alleged class, plaintiff has also failed to establish the identity of those exhibitors to which these factors are common.

■ Plaintiff's allegation that blind-bidding in and of itself is a violation of

the antitrust laws would be a question of law common to the alleged class which plaintiff purports to represent. However, even assuming that a favorable determination would be made by this Court on the merits, such determination would be one of law and thus binding upon the industry irrespective of whether or not a class action has been maintained.

Finally, plaintiff has failed to establish that its claims are typical of the claims of the class or that it will fairly and adequately protect the interests of the class as required by Rule 23(a) (3) and (4).

The differing factual background in each city is such as to preclude the assertion that Goldman's claims are typical. Among other things, the procedure for licensing varied from city to city, and the circumstances surrounding the licensing of each picture varied from city to city.

■ Another area where proper representation and typicality are lacking is the area of damages. Questions of the fact and amount of injury in other cities involve different procedures, different numbers of first-run theatres, different grossing potentials and different competitive factors.

■ Even if we accept plaintiff's assertion of over 400 theatres as representing an assertion of over 200 class members, it appears that plaintiff cannot satisfy the requirements that it fairly and adequately represents the class. There is but one plaintiff, located in a city of over two million. The differences in pictures, distribution, availability dates, and size and type of exhibitors are such that this one plaintiff cannot be said to be adequate to protect and prosecute the action for all.

Further, plaintiff's complaint also charges discrimination in favor of some first-run exhibitors as against others in the screening of pictures. Yet both groups—the alleged (but unidentified) favored exhibitors and the alleged (but also unidentified) mistreated exhibitors are both members of the purported class. Indeed, one exhibitor might be asserted to be favored in the case of one picture or in one city and discriminated against as regards another picture or in another city. Under these circumstances plaintiff cannot adequately represent the entire class.

■ Where the alleged class contains dual conflicting interests a class action is inappropriate. In Carroll v. American Federation of Musicians of U. S. & Canada, 372 F.2d 155, at p. 162 (2d Cir., 1967), the court stated:

"It is apparent that the present case does not qualify as a true class action under Rule 23(a) (1). It was brought by orchestra leaders as a direct challenge to the unions' control in the music industry, but there is evidence that many orchestra leaders are willing members of the union and subscribe to its policies; and there was no evidence offered by the appellants that such a group did not exist. * * * Thus appellants' representation cannot be said fairly to insure that the interests of these absent orchestra leaders will be protected. * * *"

■ Indeed, this rule has been applied specifically where it appeared merely that many members of the alleged class had not objected to the complained of conduct and had accepted its benefits, Crawford v. Texaco, Inc., 40 F.R.D. 381, 385 (S.D.N.Y.1966). While these cases were decided under the old rule, the particular provision involved is the same. Indeed, the courts have held that this provision for adequate representation must be stringently applied under the new rule because the parties may be included by operation of law and because of the conclusiveness of a class judgment, Green v. Wolf Corporation, 406 F.2d 291, 298 (2d Cir., 1968). The requirements of proper representation of the class must be more rigidly construed

where the members of the alleged class compete from day to day with each other in areas involved in the suit. Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.D.R. 452, 463 (E.D. Pa., 1967). In the present case some interests of some members of the alleged class are apparently antagonistic since they are competing against each other for the same pictures. Also, if, in fact, discrimination is proven to exist, some would have been favored over others.

The Court is mindful of the decision of this Circuit in Knuth v. Erie-Crawford Dairy Corp. Association, 395 F.2d 420 (3rd Cir., 1968). However, in the *Knuth* case, the District Court had ruled against the class action on the sole ground that a number of members of the class had at the very outset affirmatively expressed an unwillingness to be represented by plaintiff. The Court of Appeals did not agree that in proportion to the size of the class the number of disclaimers was sufficient on its face to disqualify the plaintiff, and therefore suggested that notices be sent out in order to obtain a more representative sampling. That case holds no more than that where the sole ground for rejection of a class action was the conclusion that an insignificant sampling of the class did not want plaintiff to bring the suit, a further sampling should be taken. This is obviously inapplicable to the present suit, where the class action fails on every ground, including conflict among the members of the class.

However, even assuming that plaintiff has satisfied the four criteria of Rule 23(a), this court does not believe that this action conforms to either of the alternate criteria required by Rule 23(b).[2]

 Initially it is apparent that the criteria enunciated in Rule 23(b) (1) (A) and (B) are not satisfied. The claims of plaintiff and each of the other exhibitors in the alleged class are independent of each other. The pictures and theatres involved are different, the damages are different. Insofar as discrimination is alleged, it differs in each situation. In other words, an adjudication in the present action against or in favor of Goldman will have no effect whatsoever upon the independent determination of these issues in other actions by other members of the class.

 The only area where a decision in the Goldman action could have any use whatsoever in a proceeding by any other member of the class would be the use of an opinion by the Court in Goldman on the narrow issue of the legal propriety of an individual distributor blind bidding as legal precedent in some other action. The drafters of Rule 23, we believe, did not intend to create a right to a class action simply because an opinion in one suit might be cited as precedent in another. If this were the rule, then almost every action would be susceptible of being brought as a class action.

In the Advisory Committee notes to this section of the rule, 39 F.D.R. 100–101, reference is made to possible decrees placing a defendant in a position of being called upon to act in inconsistent ways. The examples cited make it quite clear that the section applies where, for example, there is a limited fund to pay a large number of claims, or where the defendant may be ordered to treat its shareholders in one way by one court decree and in an inconsistent way by another decree.

The distinction between these cases and the instant case is at once obvious. Here no decree which could be entered in favor of Goldman will affect the treatment to be accorded any exhibitor outside of first-run Philadelphia, nor is there any limited fund or similar situation by which a decree in this case could

---

2. Fed.R.Civ.P. 23(b) (2) is not applicable and, therefore, will not be discussed. 

For the complete text of Rule 23(b), see footnote 1, *supra*.

affect any first-run exhibitor other than Goldman.

■ The relief requested by plaintiff and that appropriate to each of the other class members would be entirely different in each situation. The issue simply is not appropriate to a general decree. Rule 23 is not intended to apply where the injunctive relief and damages sought as to various members of the class is diverse. Advisory Committee notes, 39 F.R.D. 102–103.

In School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F. Supp. 1001, at p. 1004 (E.D.Pa.1967), Judge Kraft ruled a class action inappropriate, stating:

"Proof of the business relations between individual plaintiffs and individual defendants will be complex and will naturally tend to vary according to the dissimilar requirements of the respective plaintiffs for children's books and their employment of differing methods of purchase, such as, by sealed bids solicited by public notice, by bids obtained by solicitation of selected suppliers, by direct purchase from the publisher or from wholesalers or jobbers. At this juncture we are persuaded that the diverse nature of the issues affecting the interests of the individual members of the alleged class and the sundry defendants predominates over any existing common questions of law and fact.

"Additional considerations which constrain us to deny the maintenance of this suit as a class action are the difficulties certain to be encountered in its management as a class action. * * * "

The remaining criteria, Rule 23(b) (3), are that the common questions of law and fact predominate and that a single action is a superior means of handling the matter.

Plaintiffs have failed to show that either of these requirements is satisfied.

First, it is clear that the present action is not the superior means of handling the matter.

■ It has been held that a class action will not lie under Rule 23 absent a showing by plaintiff that intervention by those wanting to join is not practical. There is no such showing here. In School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1001, at p. 1004 (E.D.Pa., 1967), Judge Kraft stated:

"Recognizing that practical considerations, among others, materially affect our determination of the class issue, we are impelled to conclude that the class action device is not, in this instance, 'superior' to the more conventional procedure of allowing liberal intervention under Rule 24 and permissive joinder under Rule 20."

See also Berley v. Dreyfus & Co., 43 F.R.D. 397, at pp. 398–399 (S.D.N.Y., 1967), where the court stated:

"* * * we think that subparagraph (b) (3) read as a whole reflects a broad policy of economy in the use of society's difference-settling machinery. One method of achieving such economy is to avoid creating lawsuits where none previously existed. This is in part why 'the extent and nature of any litigation * * * already commenced' is pertinent to the required finding. If a class of interested litigants is not already in existence the court should not go out of its way to create one without good reason."

This point is of particular relevance here since, as appears from plaintiff's pre-trial memorandum, the Department of Justice concerned itself with the question of so-called blind-bidding, and following lengthy consultation with exhibitors and distributors, entered into a stipulation with most of the latter providing certain experimental limitations on blind-bidding.

While plaintiff has a perfect right to dispute this resolution or "settlement"

on its own behalf, it is inappropriate for plaintiff, under these circumstances, to seek to supplant the Department of Justice as a representative of other exhibitors throughout the United States.

With respect to defendant's contention that plaintiff through it inaction has waived the right to proceed with a class action, the court has considered this question insofar as it bears upon plaintiff's burden of establishing the existence of a bona fide class as required by Rule 23. However, on reaching an ultimate determination of whether this action may be maintained as a class action, the court did not find it necessary to pass upon the issue of waiver.