John **CALABRIA** and Faire Calabria, suing on behalf of themselves and all other Blue Cross subscribers who were similarly denied hospital indemnity benefits due them under contract, Plaintiffs,

v.

**ASSOCIATED HOSPITAL SERVICE,**
Defendant.

No. 73 Civ. 544.

United States District Court,
S. D. New York.

June 13, 1973.

David Hirschhorn, New York City, for plaintiffs.

Breed, Abbott & Morgan, New York City, for defendant; Thomas A. Shaw, Jr., Richard W. Lyon, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

This action was brought by plaintiffs, residents of New Jersey, on their own behalf and on behalf of a purported class consisting of all persons residing outside of the state of New York who purchased Blue Cross policies from defendant Associated Hospital Service ("AHS") and who were denied benefits pursuant to the exclusion clause in their policy (Article V—A.4.) * Plaintiffs allege that defendant's construction of the word "rehabilitation" in the exclusion clause is "unwarranted and unauthorized"; that it is construed to "favor the insurer and against plaintiffs"; that the "word 'rehabilitation' as drafted and incorporated by defendant in its contract was vague and ambiguous," and that defendant's failure to pay for such hospital services for which benefits were sought by plaintiffs and members of the class was a breach of defendant's contractual obligations. Plaintiffs seek payment of their charges by AHS.

Plaintiffs now move for an order pursuant to Rule 23, F.R.Civ.P., declaring that this action be maintained as a class action. The complaint alleges that there are common questions of law and fact affecting the rights of the class; that plaintiffs' claims are typical of the claims of the class rendering a class action "the best available method for the fair and efficient adjudication of the controversy"; that the members of the class are so numerous that joinder is impracticable;** that the interests of the class are adequately represented by plaintiffs; and that plaintiffs foresee no problems in the management of this action as a class action. Plaintiffs contend that the common question of law and fact as it affects each member of the class is the construction of the word "rehabilitation" in Article V——A.4. of the Blue Cross policies.

Defendant contends that there is no common question of law and fact with respect to the liability of AHS to the class as the determination of whether hospital services are "primarily . . . rehabilitation services" is made on a case by case basis after a review of the patient's entire hospital record and frequently after consultation with the patient's attending physician.

Since the meaning of the word "rehabilitation" will differ in each case depending on the plaintiff's medical history and treatment, the court does not find that plaintiffs' claims are typical of the claims of the class which they seek to represent or that a class action is the best available method for the adjudication of the controversy. Indeed, each patient would be required to show that the benefits claimed in his case did not come within the exclusion clause, which showing would depend on his particular medical problem. See William Goldman Theatres, Inc. v. Paramount Film Dis

---

* Article V—A.4. provides that hospital service shall not be provided:
  "For a hospital stay or that period of a hospital stay which is primarily for . . . rehabilitation . . . or during which the services rendered to the Subscriber are primarily . . . rehabilitation services . . . . "

** At argument, plaintiffs' attorney indicated that there would be approximately 7,000 to 8,000 members of this class.

tributing Corp., 49 F.R.D. 35 (E.D.Pa. 1969); City and County of Denver v. American Oil Co., 53 F.R.D. 620 (D.C. Colo.1971). See also Gordon v. Aetna Life Insurance Co., 151 U.S.App.D.C. 391, 467 F.2d 717 (1971).

Plaintiffs' motion for an order pursuant to Rule 23, F.R.Civ.P. to maintain this action as a class action is denied.

It is so ordered.