**J. W. T., INCORPORATED, Plaintiff,**

**v.**

**JOSEPH E. SEAGRAM & SONS,
INC., et al., Defendants.***

**No. 72 C 441.**

United States District Court,
N. D. Illinois, E. D.

April 9, 1974.

See also D.C., 347 F.Supp. 965.

---

* Consolidated with: J. W. T., Inc. v. Renfield Importers, Ltd., 72 C 726; J. W. T., Inc. v. Buckingham Corp., 72 C 800; J. W. T., Inc. v. Mogen David Wine Corp., 72 C 944; J. W. T., Inc. v. James B. Beam Distilling Co., 72 C 1173; J. W. T., Inc. v. Heublein, Inc., 72 C 1566; J. W. T., Inc. v. Fromm & Sichel, Inc., 73 C 1195; J. W. T., Inc. v. Kobrand Corp., 72 C 2116; J. W. T., Inc. v. Taylor Wine Co., Inc., 72 C 2117; J. W. T., Inc. v. Park Benziger & Co., Inc., 72 C 2336; J. W. T., Inc. v. Paddington Corp., 73 C 576; J. W. T., Inc. v. Bacardi Imports, Inc., 72 C 2115.

**140**

Jay L. Schultz, Schultz & Schultz, Chicago, Ill., for plaintiff.

Patrick W. O'Brien, Mayer, Brown & Platt, Chicago, Ill., for defendants Joseph E. Seagram & Sons, Inc., The Taylor Wine Co. and Fromm & Sichel, Inc.

Earl E. Pollock, Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant The Buckingham Corp.

James T. Otis, Price, Cushman, Keck & Mahin, Chicago, Ill., for defendant Renfield Importers, Ltd.

William R. Jentes, Kirkland & Ellis, Chicago, Ill., for defendant Mogen David Wine Corp.

Paul T. Knoblock, Chicago, Ill., for defendant James B. Beam Distilling Co.

Keehn Landis, Chapman & Cutler, Chicago, Ill., for defendant Bacardi Imports, Inc.

Morton Siegel, Chicago, Ill., for defendant Park Benziger & Co., Inc.

Ludwig J. Kuhar, Joliet, Ill., for defendant Ill. Wine & Liquor.

John J. McHugh, Chadwell, Kayser, Ruggles, McGee, Hastings & McKinney, Chicago, Ill., for defendant Heublein, Inc.

David P. List, Sidley & Austin, Chicago, Ill., for defendant Kobrand Corp. and defendant Pioneer Atlas.

Daniel W. Pecyna, Chicago, Ill., for defendant Skokie Valley Belvidere Liquors.

Irwin I. Zatz, Chicago, Ill., for defendants Wine & Spirits Merchants, Inc.

Earl A. Jinkinson, Chicago, Ill., for defendant Capitol Wine & Liquor.

Edward A. Berman, Chicago, Ill., for defendant Judge & Dolph, Ltd.

Theodore J. Herst, Max W. Petacque, Chicago, Ill., for defendants National Liquor Distributing Co., Gold Seal Liquors, Cornell Steel City Distrib.

Herman Barrington, Chicago, Ill., for defendants Continental Distributing Sales Co., Merchants Liquor Distrib., Steuben County Wine & Liquors, Sheridan Wholesale Liquors.

Raymond L. Rusnak, Chicago, Ill., for defendants South Shore Liquors, Inc., Old Rose Distrib. Co. (Federated Distributors, Inc.)

Richard K. Decker, Chicago, Ill., for defendant The Paddington Corp.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises on the motion of plaintiff, J.W.T., INC. ("JWT"), to maintain these twelve antitrust cases as class actions pursuant to F.R.Civ.P. 23(a) and (b).[1] For the reasons set forth below, the motion is denied.

In these cases, JWT, a liquor retailer, has brought suit against twelve alcoholic liquor suppliers and eighteen distributors alleging violations of the Sherman Act, 15 U.S.C. §§ 1, 2 and the Robinson-Patman Act, 15 U.S.C. § 13(a). In each respective case, plaintiff has alleged that the defendant-suppliers impose territorial restrictions upon their distributors

---

1. Plaintiff in all of the above-captioned cases, except 72 C 2115, seeks certification of a class pursuant to F.R.Civ.P. 23(b)(3). In

J.W.T., INC. v. Bacardi Imports, Inc., et al, 72 C 2115, plaintiff seeks a class determination pursuant to F.R.Civ.P. 23(b)(2).

and fix the resale prices at which liquors are sold by the suppliers to the distributors, by the distributors to the retailers, and by the retailers to consumers, in violation of 15 U.S.C. § 1. In all of the cases but one [2] JWT also alleges that the defendants have engaged in discriminatory trade practices, including the granting of discriminatory discounts to competitors of JWT, in violation of the Robinson-Patman Act. In two cases,[3] JWT alleges that the defendants have attempted to or have monopolized the sale of certain liquors, in violation of 15 U.S.C. § 2. Finally, in four cases,[4] JWT alleges that the defendants have imposed customer restrictions on the distributors.

JWT seeks to maintain these actions on behalf of the following class:[5]

(i) All persons or entities located in the County of Cook, who, on January 1, 1972, held licenses issued by the State of Illinois authorizing them to purchase at wholesale and sell at retail defendant-suppliers' product or products here in suit, and who in fact purchased such product or products at wholesale and sold such product or products at retail exclusively for off-premises consumption;

(ii) Those persons or entities who have been the beneficiaries of the defendants-suppliers' discriminatory practice, as alleged in Count II of the Complaint are specifically excluded from the class.[6]

In Cook County, there are approximately 2,500 liquor retail licensees who qualify under (i). The group which has allegedly received favored treatment, in violation of the Robinson-Patman Act, is said to number approximately 350 licensees.

## I.

Federal Rule of Civil Procedure 23 allows the maintenance of a class action if certain requirements are met. F.R.Civ.P. 23(a) requires that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class." F.R.Civ.P. 23(b)(3) provides, in addition to the 23(a) requirements, that (a) common factual or legal questions must predominate over the individual ones, and (b) that a class action is superior to other available methods for a fair and efficient adjudication. The rule suggests four criteria: the interest of class members in maintaining separate actions; the nature of other actions already commenced; the desirability of concentrating the litigation; and any management difficulties. Defendants contend that the claims and defenses of JWT are not typical and that JWT will not fairly and adequately protect the class' interest; that the class has not adequately been defined; that the common questions do not predominate; and

---

2. The allegations are not made in J.W.T., Inc. v. Mogen David Wine Corp., et al, 72 C 944.

3. These cases are J.W.T., INC. v. Joseph E. Seagram & Sons, et al, 72 C 441, and J.W.T., INC. v. Mogen David Wine Corp., et al, 72 C 944.

4. These cases are J.W.T., Inc. v. Joseph E. Seagram & Sons, et al, 72 C 441; J.W.T., Inc. v. Renfield Importers Ltd., 72 C 726; J.W.T., Inc. v. Mogen David Wine Corp., 72 C 944; J.W.T., Inc. v. The Paddington Corp., 73 C 576.

5. Plaintiff originally sought to represent a class composed of all liquor retailers, nationwide. Plaintiff filed amendments to its complaint changing the scope of the class. Although plaintiff did this in some cases without asking leave of Court, the Court accepts the amendments as filed.

6. In J.W.T., INC. v. Mogen David Wine Corp., 72 C 944, Plaintiff does not allege Robinson-Patman violations. Because of this, the exclusion of certain retailers is not requested from the class being sought in that case.

that the class action is not a superior method of adjudication.

■ Plaintiffs seek to maintain this action on behalf of a class of approximately 2,500 liquor retailers. Each is readily identifiable and personal notice can be given to each. The size of the class is sufficiently numerous to make joinder impractical. Thus, the first requirement of Rule 23(a) has been met. See, e. g., Swanson v. American Consumer Inds. Inc., 415 F.2d 1326, 1333 (7th Cir. 1969); State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484, 486 (N.D.Ill.1969).

■ The Court also believes that were a class action permitted here, it would provide a superior means of adjudication, since the class is manageable,[7] no other suits are presently being maintained, concentration of the actions would be judicially efficient and there has been an insufficient showing of lack of class interest.[8] The Court believes, however, that the nature of the plaintiff, JWT, and the issues raised by these particular cases are peculiarly inappropriate for a class action.

## II.

■ Some background information concerning JWT would be appropriate here. JWT is a corporation which operates one retail liquor store in Chicago. It was organized in March 1970 and opened in November 1970. JWT is wholly owned by John Tate ("Tate") and his wife Lois. Prior to opening JWT, Tate was employed for seventeen years as a stockman and an assistant store manager in a "Foremost" liquor store.

The "Foremost" organization consists of several entities. Foremost Sales Promotions, Inc. ("FSP") is the franchisor of approximately sixty retail liquor stores in Cook County. These stores use the "Foremost" name and take part in cooperative advertising, merchandising and promotional services. Foremost Liquor Stores, Inc. ("FLS") owns and franchises Foremost liquor stores. FLS owns two stores, one of which is in Cook County, and has only one franchisee, JWT. There are several other companies involved in the Foremost organization, including a travel agency, a management firm, and a stamp redemption company ("MPS").

The relationship between JWT and Foremost is unique among Foremost franchisees. JWT is the only franchisee of FLS. Rather than paying a flat franchise fee, as all other franchisees of FSP do, JWT pays a percentage of its gross income. For this, Foremost provides accounting and management services, places advertisements, orders liquor from distributors and aids in establishing prices. Foremost decides from whom the liquor will be purchased and aids in determining quantities. This is unlike the typical retailer, be he franchisee or independent, who orders from the distributor directly and prices the product himself.

---

7. Personal notice can readily be sent to members of the class. Other notifications could reach the members of the class through publication in various trade journals. Further, plaintiff has agreed to pay for class notices. Compare Appleton Elec. Co. v. Advance-United Expressways, 494 F. 2d 126 (7th Cir. 1974) with Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 (2d Cir. 1973).

8. Defendants filed several depositions of liquor retailers who stated that they were not interested in being parties to the suit. This is hardly a sufficient showing of lack of interest. Compare Shulman v. Ritzenberg, 13 F.R.Serv.2d 23a.52 (D.D.C.1969). Also, silence is insufficient to show lack of interest; an affirmative showing must be made. See, e. g., Hohmann v. Packard Instrument Co., 399 F.2d 711 (7th Cir. 1968); Mersay v. First Republic Corp. of America, 43 F.R.D. 465 (S.D.N.Y.1968). Also, this stage of the proceedings is an inappropriate juncture to raise this issue. It would better be raised at a later time, after potential class members had been afforded an opportunity to "opt out." See F.R.Civ.P. 23(c)(2)(A).

### III.

This Court believes that JWT does not have typical claims and will not adequately protect the class, as required by F.R.Civ.P. 23(a)(3) and (4).[9] First, JWT is asserting rights on behalf of the class members since 1970, the year of its formation. 15 U.S.C. § 15(b) provides for a four year limitation period in antitrust actions. All but two of these suits were filed in 1972. If plaintiff's charges are true, many of the retailers making up the claimed class might have claims going back until 1968. Since JWT was formed in 1970, it cannot fairly represent the class as to those prior years, nor does it have claims concerning those prior years. It would be unfair to have as a representative one who is legally disqualified from prosecuting significant portions of the claims which class members may have.

Other reasons exist for the Court's finding regarding Rule 23(a)(3) and (4). JWT is not a typical retailer. JWT does not directly do its own buying of liquor from distributors nor does it completely set its own prices. By purchasing through Foremost it receives certain benefits; JWT also has the benefits of joint advertisements. JWT follows the advertised Foremost prices and sells certain products below the fair trade price. It appears to be the only store in the Foremost group to pay its fee on a percentage basis.

It also has certain promotional advantages, not available to the ordinary retailer. Aside from the benefits of group advertising, JWT takes part in the redemption program of MPS stamps. It also is allowed to sell private brands, such as "C'Est Bon" and "Melrose" whiskey and gin, exclusively made available to Foremost by Schenley Products. JWT is also a member of the Foremost Wine Tasting Society, which in addition to various promotions, gives a 10% discount on wines to members. These items all detract from JWT's representativeness.

Another aspect of JWT's uniqueness is its position in relation to the various suppliers' fair trade programs. JWT has been prosecuted in Illinois state courts for various fair trade violations. So, too, has Foremost. In its complaint, JWT claims that the suppliers' fair trade policies have been discriminatorily managed. In a real, economic sense, it is arguable that JWT will benefit with a reduction in fair trade enforcement, to the detriment of other liquor dealers who do not have the benefit of the group savings, promotions, etc., which belong to Foremost members. Further, JWT's concern with its fair trade fight might deflect its interest and concern from truly representing the class. This creates the possibility of antagonistic and conflicting interests. Compare Guarantee Ins. Agency Co. v. Mid-Continental Realty Corp., 57 F.R.D. 555, 565–566 (N.D.Ill.1972).

Plaintiff relies on this Court's September 29, 1972 opinion in McMackin v. Schwinn Bicycle Co., 71 C 2751, for the proposition that a competitor can represent other competitors in a class action. In *McMackin,* a terminated franchisee sought to represent all present and terminated franchisees in an antitrust action against the franchisor. This Court allowed a class action. However, on reconsideration, the Court denied a class action based upon the conflict in interests between the terminated franchisee and present franchisees. McMackin v. Schwinn Bicycle Co., 71 C 2751 (N.D. Ill., Dec. 31, 1973).

The court believes that JWT's interests differ significantly from those of

---

9. This should not be taken to mean that counsel, themselves, are not competent to handle this litigation. Plaintiff's counsel have shown themselves to be highly competent in the proceedings before this Court. See Dale Electronics Inc. v. R.C.L. Electronics, Inc., 53 F.R.D. 531, 536 (D.N.H.1971).

the average retailer sufficiently to make it an improper class representative. *Cf.* Schy v. Susquehanna, 419 F.2d 1112 (7th Cir. 1970).

It should also be noted that other differences among class members exist. Each liquor dealer apparently is able to make his own "deals" regarding the price of goods purchased. Since the alleged claims of JWT involve price discrimination, this particular question is not susceptible to one adjudication, but instead varies with each "deal." See DiCostanzo v. Chrysler Corp., 57 F.R.D. 495 (E.D.Pa.1972); William Goldman Theatres, Inc. v. Paramount Film Dist. Corp., 49 F.R.D. 35 (E.D.Pa.1969); compare Contract Buyers League v. F&F Investment, 48 F.R.D. 7 (N.D.Ill. 1969).[10]

The Court is also concerned with the adequacy of the class definition. In eleven cases, *i. e.*, those alleging Robinson-Patman violations, JWT seeks to exclude certain "favored" retailers from the class.[11] JWT asserts that certain retailers have consistently benefited by the suppliers' price discrimination.

This presents several difficulties. First, the various depositions filed in this case seem to indicate that there are a variety of "deals," made on a relatively individual basis, concerning the purchase of liquor.[12] This leads the Court to believe that defining the excluded class would pose serious problems for the Court. Also, by excluding certain retailers because of their relationship to Count 2, any rights that they possessed regarding Count 1 would be sacrificed. Compare Kainz v. Anheuser-Busch, Inc., 194 F.2d 737 (7th Cir. 1952); Philadel-

phia Elec. Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 463–464 (E.D. Pa.1968).

## IV.

In light of the foregoing, the Court does not believe that the other contentions of the parties need be decided. The plaintiff's motions to maintain these actions as class actions are denied.

It is so ordered.

10. Because of these conflicts, this case differs from cases such as Siegel v. Chicken Delight, Inc., 271 F.Supp. 722 (N.D.Cal. 1967) where the interests of competitors (franchisees) in the plaintiff class were in common opposition to the defendant's (franchisor) interests.

11. In one case, 72 C 944, no exclusion clause is present. However, because of antagonis-

tic interests in the other eleven suits, the Court doubts that JWT would be an appropriate representative of the favored liquor dealers in that one suit.

12. This is of course not to be deemed a determination of the actual merits of the case.