**WINDER LICENSING, INC., Plaintiff,**

v.

**KING INSTRUMENT CORP., et al., Defendants.**

**No. 89 C 7006.**

United States District Court, N.D. Illinois, E.D.

April 30, 1990.

Irwin C. Alter, Alter & Weiss, Michael J. Freed, Kenneth A. Wexler, Much, Shelist, Freed, Denenberg, Ament & Eiger, Marvin A. Miller, Patrick E. Cafferty, Chertow & Miller, Chicago, Ill., for plaintiff.

Nicholas A. Pandiscio, Heide A. Schiller, Schiller, Pandiscio & Kusmer, Cambridge, Mass., Christian L. Campbell, Thomas D. Rein, Sidley & Austin, Chicago, Ill., for King Instrument Corp.

William A. Streff, Jr., Kevin G. McBride, Kirkland & Ellis, Chicago, Ill., for Otari Electrical Co., Ltd.

William A. Streff, Jr., Kirkland & Ellis, Chicago, Ill., Nathan Lane III, Michale E. Sobel, Graham & James, San Francisco, Cal., Hans Troesch, Graham & James, Pala Alto, Cal., for Otari Corp.

Steven H. Noll, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for Tapematic Milano, Italy.

Raiford A. Blackstone, Jr., David J. Marr, Trexler, Bushnell, Giangiorgi & Blackstone, Ltd., Chicago, Ill., for Tape Automation, Ltd.

H. Michael Hartmann, Richard M. Johnson, Leydig, Voit & Mayer, Chicago, Ill., for TTL Tape Technology Laboratory.

Bedell A. Tippins, Jonathan G. Bunge, Sheldon Karon, Keck, Mahin & Cate, Chicago, Ill., for Rank Video Services of America, Inc.

Roseann Oliver, Phelan, Pope & John, Suzanne M. Metzel, Chicago, Ill., for Minnesota Min. & Mfg.

Richard J. Gray, Jenner & Block, Chicago, Ill., for VCA Teletronics, Inc.

Stanton B. Miller, Robin D. Kardon, Anderson, McDonnell, Miller & Tabis, Charles A. Laff, Martin L. Stern, Judith L. Grubner, Laff, Whitesel, Conte & Saret, Chicago, Ill., Nicholas, A. Pandiscio, Heidi A. Schiller, Schiller, Pandiscio & Kusmer, Cambridge, Mass., for Nightengale–Conant Corp.

James G. Hunter, Jr., Latham & Watkins, Chicago, Ill., for Capitol EMI, Inc.

Stuart Smith, Charles S. Cohen, Gordon & Glickson, Chicago, Ill., for Industrial Audio Film Service, Inc.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff has moved to certify a class of defendants pursuant to Federal Rule of Civil Procedure 23(b)(1)(A) in this action alleging that defendants and others similarly situated have infringed certain patents owned by plaintiff.

Rule 23(b)(1)(A) provides:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class....

FRCP 23(b)(1)(A).

Plaintiff argues:

[A]bsent a class action, the patents may be held valid and enforceable with respect to some class members and invalid or unenforceable with respect to oth-

ers. There is substantial risk of incompatible standards of conduct for the members of the class.

Plaintiff's argument provides no basis for certifying a class under Rule 23(b)(1)(A) for two reasons. First, it is the party opposing the prospective class, in this case plaintiff, for whom incompatible standards of conduct must be established for the rule to apply, not the members of the class. Second, while the separate adjudications might establish inconsistent standards of conduct for members of the proposed defendant class, such standards would not be incompatible since each individual defendant would be bound only by the orders of the court in a single case, its own.

There is a split of authority as to whether inconsistent or varying adjudications resulting from the prosecution of separate actions against individuals alleged to be patent infringers would establish incompatible standards of conduct for a plaintiff patentee and so would provide a basis for certifying the alleged patent infringers as a defendant class under this rule. Compare *Standal's Patents, Ltd. v. Weyerhauser Company,* 2 USPQ 2d (BNA) 1185, 1986 WL 582 (D.Ore.1986); *Dale Electronics, Inc. v. R.C.L. Electronics, Inc.,* 53 F.R.D. 531, 537 (D.N.H.1971); *Research Corp. v. Pfister Associated Growers, Inc.,* 301 F.Supp. 497, 499–500 (N.D.Ill.1969); *Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc.,* 285 F.Supp. 714, 723 (N.D.Ill.1968) (such actions would establish incompatible standards of conduct for a plaintiff patentee) with *Webcraft Technologies, Inc. v. Alden Press, Inc.,* 228 USPQ (BNA) 182, 1985 WL 2270 (N.D.Ill.1985); *In re Yarn Processing Patent Litigation,* 56 F.R.D. 648, 654 (S.D.Fla.1972); *D. Klein & Sons, Inc. v. Giant Umbrella Company, Inc.,* 179 USPQ (BNA) 34 (S.D.N.Y.1972) (such actions would not establish incompatible standards of conduct for a plaintiff patentee). At worst, inconsistent or varying adjudications of the patent infringement issues in the case at bar would result in plaintiff collecting damages from some alleged infringers and not from others, since damages and not injunctive relief is all plaintiff ultimately seeks in this action. Even when injunctive relief is sought in such an action, at worst inconsistent or varying adjudications would result in the patent's being enforceable against some but not other alleged patent infringers. Although the ways in which a plaintiff may be required to act with respect to different parties may be inconsistent, they would not be incompatible since the plaintiff would not find itself with court orders both permitting and prohibiting the enforcement of the patent against a particular alleged patent infringer. Consequently, this court finds the cases denying class certification under Rule 23(b)(1)(A) under these circumstances to be better reasoned, and so follows them. See *Webcraft Technologies, Inc. v. Alden Press, Inc.,* 228 USPQ (BNA) 182 (N.D.Ill.1985); *In re Yarn Processing Patent Litigation,* 56 F.R.D. 648, 654 (S.D. Fla.1972); *D. Klein & Sons, Inc. v. Giant Umbrella Company, Inc.,* 179 USPQ (BNA) 34 (S.D.N.Y.1972).

Because of this resolution of the issue, it is unnecessary to determine whether the requirements of Rule 23(a) have been established by plaintiff. Also, because the motion for certification is premised solely on Rule 23(b)(1)(A), it is unnecessary to determine whether it might be possible to maintain this case as a defendant class action under any of the other subsections of Rule 23(b). The court expresses no opinion on either of those topics.

ORDERED: Plaintiff's motion for certification of a defendant class is denied.