Gilbert GUTIERREZ, Plaintiff,

v.

QUINN AND COMPANY, INC.,
Defendant.

Civ. No. 9476.

United States District Court.
D. New Mexico.

Aug. 22, 1972.

Louis J. Vener, Albuquerque, N. M., for plaintiff.

Duane C. Gilkey, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION AND ORDER

PAYNE, Chief Judge.

An amended complaint was filed herein by the plaintiff, with permission of the Court, under the provisions of Title VII of the 1964 Civil Rights Act, with jurisdiction based on 42 U.S.C.A. § 2000e–5(f). Plaintiff alleges that he was employed as a dividend clerk and that because of his national origin, he was paid $25.00 monthly less than another employee who performed similar work.

Plaintiff further alleges that the defendant discriminated against Spanish-surnamed Americans in its employment practices and in compensation. Plaintiff claims damages in the sum of $550.-00 and for his court costs and attorney fees. He further prays for injunctive

relief requiring the defendant to cease from its discriminatory practices against Spanish-surnamed Americans.

A hearing was held to determine whether or not this matter should be handled as a class action, as prayed for by the plaintiff.

In Hall v. Werthan Bag Corp., 251 F. Supp. 184 (1966), the United States District Court for the Middle District of Tennessee, Nashville Division, authorized suit to be brought as a class action insofar as it sought a prohibitive injunction, but held that it was not a class action insofar as it sought relief from the past discriminatory acts of the defendant. The Judge stated "Racial discrimination is by definition a class discrimination".

In Gerstle v. Continental Airlines, Inc., 50 F.R.D. 213 (D.C.1970) Judge Doyle, who is now a Circuit Judge in this Circuit, allowed the case to be filed as a class action, but stated as follows:

"The claims of all members of the class can succeed only if a Title VII violation is found, and if no such violation is found, all claims will fail."

It seemed to be his opinion that the action was maintainable as a class action, but that

"We will, of course, maintain touch with the progress of the litigation, and particularly the discovery of which persons are included in the class as defined above so as to determine whether the facts as developed justify the continuation of this action as a class action."

In the *Gerstle* case, there was no allegation of racial discrimination, whereas in the *Hall* case, there was a question of racial discrimination. In this case, it is a question of discrimination by reason of ethnic origin.

It seems that the courts have taken the position that if one person has fol-lowed the statute with regard to presentation of his claim to the E.E.O.C., that no requirement should be made that others comply with the statute in that regard, insofar as the class action is concerned, and insofar as any injunction is concerned. The headnote in the *Hall* case reads as follows:

"Complaint under Civil Rights Act based on defendant employer's alleged discriminatory practices, disclosed significant questions of fact common to all members of class, supporting class action, so far as it sought injunctive relief, but not so far as it sought redress of or relief from past effects of alleged discrimination."

■ From all of the foregoing, it appears to the Court that this case may proceed as a class action insofar as the determination of whether or not an injunction should be granted, but that, insofar as relief from past effects of alleged discrimination is concerned, it is confined to the one plaintiff.

Rule 23(c) (2) requires that the court give "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

The parties to this action are hereby required to give to the Court the names and addresses of any persons that they know of who they claim should be notified of this action, whether or not they claim or admit discrimination.

■ The class consists of all Spanish-surnamed Americans who might claim they have been discriminated against by the defendant in the past, and all such persons as might claim they might be discriminated against in the future. This description of the class is such that the Court cannot, within reason, give any notice, for the Court does not know who may be employed by the defendant in the future or who may apply for work with the defendant in the

future, or whether such persons might claim they have been discriminated against.

 The plaintiff does not allege that he was not employed, but alleges that he was paid less than other employees who performed similar work. The allegation is not broad enough to include the proposition that Spanish-surnamed Americans are not employed, but rather that they are employed at a smaller salary. Since the statute prohibiting discrimination in the employment practices should be liberally construed, the Court has construed the allegations to mean that there is discrimination in the employment practices in that the employer will not employ Spanish-surnamed Americans at the same salary paid to other employees. In other words, the Court has liberally construed the statute and the complaint so as to authorize discovery concerning the employment practices. If it should turn out that there was discrimination in the employment practices involving the class, and if the plaintiff is found, after full hearing, to be a proper representative of the class, the Court could determine whether or not the employment practices of the defendant were discriminatory. The present finding is subject to change by the Court.

It is, therefore, ordered and adjudged:

1. This action is maintainable as a class action insofar as injunctive relief is concerned, but not otherwise.

2. The class represented by plaintiff shall consist of Spanish-surnamed Americans who have been discriminated against by the defendant in either employment or compensation, and any Spanish-surnamed Americans who might, in the future, be discriminated against by the defendant in either employment or compensation.

3. It is further ordered that the claim of the plaintiff for damages for past acts of the defendant do not constitute a class action.