**Frances L. YOUNG, Plaintiff,**

v.

**TRAILWOOD LAKES, INC., Waddy, Kentucky, et al., Defendants.**

**No. 434.**

United States District Court, E. D. Kentucky, Frankfort Division.

Jan. 29, 1974.

John Allen Taylor, Louisville, Ky., for plaintiff.

Ackerman, Schiller & Schwartz, Clayton, Mo., Wyatt, Grafton & Sloss, Louisville, Ky., for defendants.

MEMORANDUM

SWINFORD, District Judge.

The plaintiff seeks certification as a class action of this controversy arising from the sale of subdivision lots. It is contended that misrepresentations attendant to the financing of this property, and the defendants' failure to supply statements of record and property reports prior to purchase, violated the Consumer Credit Protection Act, 15 U. S.C. 1601, et seq., and the Interstate Land Sales Full Disclosure Act, 15 U.S. C. 1701 et seq., respectively. The parties have been afforded an opportunity for the submission of briefs and the record is before the court for decision.

■ Rule 23(a), Federal Rules of Civil Procedure, provides that the following factors must coalesce for maintenance of a class action:

"(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Analysis of the controlling statutes and the rules governing class actions indicates that the plaintiff's request must be denied.

The claims predicated upon the Consumer Credit Protection Act are poorly suited for class adjudication:

"(T)he great majority of the courts to consider the issue of class actions under the Truth in Lending Act to date have followed Judge Frankel in finding that a class action is not superior to the remedies provided for in the Act itself. Ratner v. Chemical Bank New York Trust Company, 54 F.R.D. 412 (S.D.N.Y., 1972) . . . ." Alsup v. Montgomery Ward & Company, N.D.Cal., 57 F.R.D. 89, 93 (1972).

Wilcox v. Commerce Bank of Kansas City, 10th Cir., 474 F.2d 336 (1973); Goldman v. First National Bank of Chicago, N.D.Ill., 56 F.R.D. 587, 593 (1972); Kroll v. Cities Service Oil Company, N.D.Ill., 352 F.Supp. 357, 360–361 (1972); Rodriguez v. Family Publications Service, Inc., C.D.Cal., 57 F.R.D. 189 (1972).

Questions concerning the interaction of Rule 23, Federal Rules of Civil Procedure, and the Interstate Land Sales Full Disclosure Act have rarely arisen. The only decision addressing this issue permitted a class action because the aggrieved purchasers sought only monetary relief: In Hoffman v. Charnita, Inc., M.D.Pa., 58 F.R.D. 86 (1973), the court emphasized that the unitary aid demanded minimized the likelihood of conflicts of interest among class members:

"In Tober . . . the court was concerned about the possible conflict of interest which may arise between those class members who are seeking recision and those who seek damages. There is no possible conflict in this regard under the Interstate Land Sales Full Disclosure Act which provides only for a civil suit to recover damages and does not sanction the remedy of recision. Therefore, in Count I all class members will, of necessity, be proceeding under the same theory of relief as well as the same theory of liability." Id. at 89–90.

The complaint in the case at bar, like that in Tober v. Charnita, Inc., 58 F.R. D. 74 (M.D.Pa., 1973), involves demands for both rescission and damages; these conceivably antagonistic goals preclude effective administration as a class action.

While the conclusions above are sufficient to deny the plaintiff's request, two obvious conflicts with Rule 23 are evident. First, the court questions whether "the class is so numerous that joinder of all members is impracticable . . . ."

Rule 23(a)(1), Federal Rules of Civil Procedure. Although the affidavits of several property owners have been submitted, it is far from apparent that the dissatisfied purchasers are too numerous for practical joinder. The representations of a class numbering 200 persons buttresses the plaintiff's position; however, the question of size alone has not generally been accorded dispositive weight. See DeMarco v. Edens, 2d Cir., 390 F.2d 836, 845 (1968); Sims v. Parke Davis & Co., E.D.Mich., 334 F.Supp. 774, 781 (1971), aff'd 6th Cir., 453 F.2d 1259 (1971), cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). Thus, decisions have both approved classes of 25 persons, Philadelphia Electric Co. v. Anaconda American Brass Co., E.D.Pa., 43 F.R.D. 452, 463 (1968), and denied Rule 23 adjudication to aggrieved bodies of 350, State of Utah v. American Pipe and Construction Company, C.D.Cal., 49 F.R.D. 17 (1969). Rather, those courts confronted with the "numerosity" prerequisite have generally attached greater significance to the nature of the action, the magnitude of the individual claims, and the anticipated problems of locating and identifying members of the proposed class. 7 Wright and Miller, Federal Practice and Procedure (hereinafter: Wright) Section 1762.

■ As noted above, the nature of the grievance militates against maintenance as a class action. Further, while the damages recoverable by individual property owners is likely to be moderate, it would be improper to presume that "their holdings are generally too small to warrant undertaking individual actions." Swanson v. American Consumer Industries, Inc., 7th Cir., 415 F.2d 1326, 1333, note 9 (1969); see Shields v. First National Bank of Arizona, D.Ariz., 56 F.R.D. 442, 445 (1972); Collins v. Bolton, N.D.Ill., 287 F.Supp. 393, 399 (1968). Indeed, the remedial sections of the Consumer Credit Protection Act, 15 U.S.C. 1640, contemplate separate federal suits as "private attorneys-general", Wilcox v. Commerce Bank of Kansas City, supra at 342, for recovery of minimal amounts.

■ Although federal jurisdiction is, of course, independent of geographical propinquity, Theriault v. Carlson, N.D.Ga., 353 F.Supp. 1061, 1067 (1973); Rosado v. Wyman, E.D.N.Y., 322 F.Supp. 1173, 1191–1192 (1970), aff'd 2d Cir., 437 F.2d 619 (1970), 402 U.S. 991, 91 S.Ct. 2169, 29 L.Ed.2d 157 (1971), the geographical dispersion of a putative class is a relevant consideration.

> "(T)he nature of the cause of action and the location of the members of the class, bear on the propriety of a class action. Where the identity or location of many class members is unknown, and the total membership of the group is indeterminable at the time of the institution of the action, a class action is appropriate." Davy v. Sullivan, M.D.Ala., 354 F.Supp. 1320, 1325 (1973).

Accord, DeMarco v. Edens, supra at 845. The case at bar involves an easily identified and located assemblage of property holders. The composition of the concerned group does not suggest that this action is one which could proceed without joinder.

The court also questions the extent to which the representatives typify the interests of the suggested class. While the affidavits in the record evince dissatisfaction with the defendants' methods of conducting business, it does not follow that these grievances are shared by the remaining property owners. See Daye v. Commonwealth of Pennsylvania, E.D.Pa., 344 F.Supp. 1337, 1342–1343 (1972), aff'd 3d Cir., 483 F.2d 294 (1973); 7 Wright Section 1764.

Despite the denial of maintenance as a class action, the possibility of a viable individual cause of action on the part of Mrs. Young suggests the impropriety of dismissal at this time. Accordingly, the parties will be afforded an opportunity for the submission of briefs addressing this question.