Fred **STONER**, for himself and for the Class comprised of those other persons who have outstanding investments of monies in a purported corporation named "Valley Park, Inc.", Plaintiff,

v.

**C. C. FORD** et al., Defendants.

No. 74–311 Civ.

United States District Court,
N. D. Oklahoma,
Civil Division.

Oct. 31, 1974.

Terry Shipley, Oklahoma City, Okl., for plaintiff.

John R. Carle, Claremore, Okl., Floyd L. Walker, Tulsa, Okl., for Fords and Valley Park.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff originally brought this action as a stockholder in Defendant corporation Valley Park, Inc. alleging that the individual Defendants as the organizers and controlling officers of Defendant corporation acted improperly or mismanaged the affairs of the corporation and converted corporate assets. The relief sought is a judgment that the corporate Defendant holds property in trust for the benefit of all stockholders and an accounting and judgment with reference to funds allegedly converted by the individual Defendants. This action is not a derivative action under Rule 23.1, Federal Rules of Civil Procedure. Plaintiff then filed his First Amended Complaint in which he added a Second Cause of Action based on alleged violations of Section 10(b) of the Securities Exchange Act of 1934. It is alleged that the Defendants Ford later joined by Defendant Sung organized the Defendant corporation for the purpose of investing in a land venture and that the individual Defendants have obtained stock in Defendant corporation for little or no consideration.

Plaintiff asserts there are 29 joint and individual investors in the Defendant corporation excluding the individual Defendants. Plaintiff seeks to have the action determined to be a Class Action on behalf of the investors. The Defendants have opposed the Motion for a Class Action. The issues of the Motion have been developed by the use of Briefs which the parties have filed herein.

If a Motion for Determination of Class Action is to be granted each of the prerequisites of Rule 23(a), Federal Rules of Civil Procedure must be satisfied and one of the requirements of Rule 23(b) must be met. The party who is invoking Rule 23 has the burden of showing that all of the prerequisites to utilizing the class action procedure have been satisfied. 7 Federal Practice &

Procedure Wright & Miller, 1759; Rossin v. Southern Union Gas Company, 472 F.2d 707 (Tenth Cir. 1973). The determination of whether to allow a class action is within the discretion of the trial court and if the correct criteria are applied his determination should not be overturned on appeal. Gold Strike Stamp Company v. Christensen, 436 F. 2d 791 (Tenth Cir. 1970).

The first requirement that Plaintiff must satisfy in a Motion for Determination of Class Action is that the class be so numerous that joinder of all members of the class be impracticable, Rule 23(a)(1), Federal Rules of Civil Procedure. Whether a class is so numerous as to make joinder of each member impracticable is a question which must be decided on the facts of each case, Forbush v. Wallace, 341 F. Supp. 217 (N.D.Ala.1971), aff'md. 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246. Impracticability of joinder does not mean impossibility of joinder, it only necessitates extreme difficulty or inconvenience of joinder. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (Ninth Cir. 1964); Forbush v. Wallace, *supra.*

In the case at hand it has been shown that Plaintiff's proposed class which he desires to represent is comprised of twenty-nine investors. While a small group like this has occasionally been determined sufficient to satisfy the requirements of Rule 23(a)(1), these cases appear to be an exception to the general rule. See Minersville Coal Co. v. Anthracite Export Ass'n., 55 FRD 429 (M.D.Pa.1972) where 330 plaintiffs were found not to be so numerous that joinder was impracticable. Yet numbers alone are not decisive. Phillips v. Sherman, 197 F.Supp. 866 (D.C.N.Y.1961). The Court must be satisfied that the joinder of the other interested stockholders is impracticable. In this action in which one shareholder generally complains of the activities of corporate officers[1] and asserts that his invest-

---

1. The requested relief for a judgment that the corporation holds its property in trust

for its shareholders appears to be frivolous as a matter of law. The requested relief

ment in the corporation was obtained through fraud in violation of the Securities and Exchange Commission laws, it is not impracticable in the opinion of the Court for the other shareholders to either intervene herein or otherwise join either side of this controversy as necessary or as desired. William Goldman Theatres, Inc. v. Paramount Film Dist. Corp., 49 FRD 35 (E.D.Pa.1969). In the present status of this case the Court is convinced that the proper exercise of its discretion regarding the maintenance of the same as a class action requires denial of such a request.

For the above stated reasons the Court finds and concludes in its discretion that a class action is inappropriate in this case. Plaintiff has failed to meet his burden of showing that his class is so numerous that joinder of all members is impracticable. Plaintiff's Motion for Determination of Class Action should be denied. The Court determines, in its discretion, that this action may not be maintained as a class action.

that converted corporate funds be resolved by a judgment in favor of the individual stockholders rather than the corporation appears to be inappropriate.