Carlos Romero BARCELO, Governor of Puerto Rico, et al., Plaintiffs,

v.

Harold BROWN, Secretary of Defense, et al., Defendants.

Luis MEDINA et al., Plaintiffs,

v.

Harold BROWN et al., Defendants.

Civ. Nos. 78–323 and 78–377.

United States District Court, D. Puerto Rico.

April 25, 1978.

John A. Hodges, Timothy L. Harker, Washington, D. C., Miguel Giménez Muñoz, Secretary of Justice, Commonwealth of P. R., San Juan, P. R., Gerardo A. Carlo, Sp. Counsel to the Governor of Puerto Rico, La Fortaleza, San Juan, P. R., for Commonwealth of P. R.

Pedro J. Varela, Puerto Rico Legal Project, Judith Berkan, Hato Rey, P. R., for Luis Medina, et al.

Pedro J. Saade Llorens, Ana Rosa Biascoechea, Patricio Martínez Lorenzo, Puerto Rico Legal Services, Inc., Santurce, P. R., for Carlos A. Zenón, et al.

Wilfredo A. Geigel, Santurce, P. R., for intervenor-Fundación Arqueológica, Antropológica e Histórica de Puerto Rico.

José L. Ortega, Environmental Control Bd., Fernando Olivero-Barreto-Misión Industrial, Hato Rey, Lewis A. Rivlin, Peabody, Rivlin, Lambert & Meyers, Washington, D. C., for plaintiffs; Jorge L. Córdova, Jr., Washington, D. C., of counsel.

Julio Morales Sánchez, U. S. Atty., Old San Juan, P. R., Dorothy R. Burakreis, Dept. of Justice, Washington, D. C., for defendants.

TORRUELLA, District Judge.

## OPINION AND ORDER

This cause came to be heard on the matters indicated in our Order of April 5, 1978. Upon hearing the arguments of the parties, the Court has issued various Orders which will be expounded at the present instance.

## I. *The Standing Issue:*

█ On March 2, 1978 the Court directed the parties to brief on the standing of Carlos Romero Barceló and Radamés Tirado Guevara to appear as Plaintiffs in Civil Number 78–323.

The caption of the complaint indicates that Plaintiff Romero Barceló is appearing in his capacity as Governor of Puerto Rico. He sues "on his own behalf and on behalf of the Commonwealth of Puerto Rico." Plaintiff Tirado comes before the Court in his official capacity as Mayor of Vieques.

At the hearing, Defendants conceded that there is no serious question as to the standing of Plaintiff Tirado. We agree.

The Mayor of Vieques is statutorily empowered to represent the Municipality in judicial actions, 21 L.P.R.A. 1255, and the Complaint contains sufficient averments of injury to the Municipality of Vieques.[1] Since the Mayor is appearing in his official capacity, it is the Court's view that the threshold requirement of "injury in fact" has been adequately satisfied. See, *Association of Data Processing v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Moreover, that the injury asserted by Plaintiff Tirado "arguably falls within the zone of interests" protected or regulated by the federal statutes invoked, Id., at 152–153, 90 S.Ct. at 830, is so clear as to require no further discussion. See *Barlow v. Collins*, 397 U.S. 159, 164–165, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970).[2]

█ The Court has ruled that Plaintiff Romero Barceló lacks standing to prosecute

this action as an individual.[3] Furthermore, there are strong reasons to deny him standing as representative of the "citizens" of Puerto Rico. Cf. *Commonwealth of Mass. v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923); *State of South Carolina v. Katzenbach*, 383 U.S. 301, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966). Nevertheless, his appearance as Governor of Puerto Rico is, at least indicative of an "official" stake and interest in the present controversy that justify his invocation, as Chief Executive of the Commonwealth, of this Court's jurisdiction. See *Kennedy v. Sampson*, 167 U.S. App.D.C. 192, 511 F.2d 430 (1974); *Mitchell v. Laird*, 159 U.S.App.D.C. 344, 488 F.2d 611 (1973).[4]

## II. *Request for Class Certification in Civil Number 78–377:*

Plaintiffs describe the purported class as the "past, present and future residents of the Island of Vieques, Puerto Rico, who have suffered, are suffering and will continue to suffer economic, physical, environmental and other injuries to their lives, liberty, property, health and wellbeing, due to the policies, practices, acts and omissions of the Defendants. . . . " Within this overall class, Plaintiffs seek certification of two subclasses:[5] (1) "The class of all fishermen in Vieques, . . .. who depend on fishing for their livelihood" and (2) "the class of all those people who, at the time of the Navy occupation of the Island of Vieques, in or around 1941, and thereafter, owned property, and were deprived of that property due to illegal actions of the United States Navy."

---

1. See, for example, allegations # 54, 75, 78, 128.

2. Clearly, this second test of standing is also satisfied by Plaintiff Romero Barceló, in his official capacity.

3. It has not been shown that this Plaintiff has been aggrieved, as an individual, by the activities complained of. See, *United States v. SCRAP*, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); *City of Dairs v. Coleman*, 521 F.2d 661 (9th Cir., 1975).

4. Under the Constitution of the Commonwealth of Puerto Rico, the Governor is charged, *inter alia*, with the duty of executing the laws. Art.

IV, Sec. 4. In view of the fact that observance of Puerto Rican laws is required at least by some of the federal statutes invoked in the complaint [e. g. 33 U.S.C. § 1323; 42 U.S.C. § 1857f; 42 U.S.C. § 4903] we are led to the conclusion that Plaintiff Romero is more than a "concerned bystander" for purposes of standing. *SCRAP*, supra, 412 U.S., n. 3 at 687, 93 S.Ct. 2405.

5. Plaintiffs have withdrawn their request for a third subclass, as repetitive of the overall class described in the Complaint. (See, Plaintiffs' Memorandum of Points and Authorities, filed on April 10, 1978, n. 1).

Rule 23(a), F.R.Civ.P. sets forth the prerequisites to class actions as follows:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) *the class is so numerous that joinder of all members is impracticable*, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." (Emphasis supplied).

In turn Rule 23(b) reads, as is herein pertinent:

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) . . .

(2) . . .

(3) the Court finds that the question of law or fact common to the members of the class predominate over any questions affecting only individual members, *and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy*. The matters pertinent to the findings include:

(A) . . .

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class. (our emphasis)

■ The party who invokes Rule 23 has the burden of showing that all of the prerequisites to utilizing the class action procedure have been complied with. *Valentino v. Howlett*, 528 F.2d 975 (7th Cir., 1976); *Davis v. Romney*, 490 F.2d 1360 (3rd Cir., 1974); *Poindexter v. Teubert*, 462 F.2d 1096 (4th Cir., 1972); *Demarco v. Edens*, 390 F.2d 836, 845 (2nd Cir., 1968). After analyzing the relevant factors involved, we think that Plaintiffs have not met their burden.

■ The overall class that Plaintiffs allegedly represent, i. e., all "past, present and future" residents of Vieques who have suffered, are suffering and will suffer injuries by the alleged acts of the Defendants, is an entirely too broad and ill-defined class within the framework of this litigation. See, *Miller v. Krawczyk*, 414 F.Supp. 998 (E.D.Wis., 1976). This is so, particularly with respect to those "future" members of the class. *Edwards v. Schlesinger*, 377 F.Supp. 1091 (D.C.D.C., 1974), rev'd on other grounds, 166 U.S.App.D.C. 175, 509 F.2d 508 (1974). This definition encompasses individuals who have no connection with the claims being litigated, and the Court has serious doubts about its power to entertain the claims of unborn and yet-to-come Plaintiffs. U.S.Const., Art. 3, § 2, cl. 1. See *Broadrick v. Oklahoma*, 413 U.S. 601, 611, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Danner v. Louisville Gas & Elec. Co.*, 66 F.R.A. 51 (D.C.Ky., 1974), aff'd 510 F.2d 972 (6th Cir., 1975); *Gutiérrez v. Quinn and Co., Inc.*, 55 F.R.D. 395 (D.C.N.M., 1972); *Lamb v. Hamblin*, 57 F.R.D. 58 (D.C.Minn., 1972).

There is another consideration that militates against the certification of the overall class. In Civ. 78–323 the Plaintiffs set forth a wide variety of claims challenging the activities of the Defendants. Broad injunctive and declaratory relief is requested to redress the asserted injuries to residents, visitors and the environment of Vieques, and a common gist of allegations and prayers for relief is discernible in both complaints.

■ We think that the presence of the Commonwealth Plaintiffs in this action is a viable alternative to coping with the difficulties inherent in the class action device. See *Stuart v. Hewlett-Packard Company*, 66 F.R.D. 73 (E.D.Mich., 1975); *United States v. City of Chicago*, 411 F.Supp. 218 (N.D.Ill., 1976), aff'd in part, 549 F.2d 415 (7th Cir., 1977). In view of this circumstance, it cannot be said, at this juncture, that the purported class would be "superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3), F.R.Civ.P.

■ As to the first sub-class, the representative Plaintiffs have not met their burden of showing extreme inconvenience or

difficulty in the joinder of all members. See *Cash v. Swifton Land Corp.*, 434 F.2d 569 (6th Cir., 1970). At the hearing, counsel for the named Plaintiffs conceded that there may be around one hundred and fifty commercial fishermen in Vieques. Under the particular facts of this case,[6] and considering the liberality embodied in the joinder and intervention provisions of the F.R. Civ.P., resort to Rule 23 appears to be unnecessary *Lucas v. Seagrave Corp.*, 277 F.Supp. 338 (D.C.Minn., 1967); *Swain v. Brinegar*, 517 F.2d 766 (7th Cir., 1975); cf. *State of Utah v. American Pipe & Constr. Co.*, 49 F.R.D. 17 (D.C.Cal., 1969); *City & County of Denver v. American Oil Co.*, 53 F.R.D. 620 (D.C.Colo., 1971). Moreover, certification of this subclass would also transgress the requirements of F.R.Civ.P. 23(b)(3).

The remaining subclass, i. e., those persons allegedly deprived of their property by the United States Navy's acquisition of land in Vieques around 1941, appears to be intimately connected with the first and second claims for relief of Plaintiffs' complaint in Civ. number 78–377. In view of the appointment of plaintiffs' attorney as lead counsel with regard to these particular claims, we will hold the certification of this sub-class in abeyance until the Court is placed in an adequate position to determine whether the requirements of F.R.Civ.P. 23 are satisfied by this sub-class.[7]

██ Moreover, the Defendants have intimated at the hearing that they will challenge this Court's jurisdiction to entertain the first and second claims for relief in Civ. number 78–377. (See: Defendants' Memorandum in ·Support of Consolidation of March 21, 1978, p. 2). In light of this announcement, certification of this particular class at the present stage of the proceedings is not proper. See, *Rae v. United Parcel Service of Pa.*, 356 F.Supp. 465 (D.C. Pa., 1973); *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951 (9th Cir., 1971); *Dullea v. Ott*, 316 F.Supp. 1273 (D.C.Mass., 1970).

The foregoing constitute the reasons for our denial of the request for class certification. The named Plaintiffs may continue the action on an individual basis. See, *Foster v. Mobile County Hosp. Bd.*, 398 F.2d 227, n. 1 (5th Cir., 1968).

### III. Lead Counsel:

Upon a determination that these cases present common questions of law and fact, the Court ordered consolidation pursuant to F.R.Civ.P. 42(a). (See, Order of March 16, 1978). Indeed, the core issues of fact and law in Civ. number 78–323, in the Intervenors' Complaint filed on that same case, as well as in Civ. number 78–377, are the same. All these complaints contain basically identical averments of violations by the Defendants of certain federal environmental statutes.[8] The relief sought with regard to these major claims is substantially the same. It also seems that the evidence to be introduced by Plaintiffs in support of their respective contentions would be similar in each of the cases. All of this tends to indicate that the interests of the various Plaintiffs concerning this subject matter area are one and the same.

Rule 42(a) of the F.R.Civ.P. provides:

"When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; *and it may make*

---

**6.** The location of the members of this class within limited geographical confines is an important factor in ascertaining compliance with the requirements of Rule 23(a). *Dale Electronics v. R. C. L. Electronics, Inc.*, 53 F.R.D. 531 (D.C.N.H., 1971); *Williams v. Humble Oil & Ref. Co., Inc.*, 234 F.Supp. 985 (D.C.La., 1964); *Young v. Trailwood Lakes, Inc.* 61 F.R.D. 666, 668 (D.C.Ky., 1974).

**7.** As to this sub-class, Plaintiffs have not yet complied with their burden under F.R.Civ.P. 23.

**8.** At least, the allegations concerning the Federal Water Pollution Control Act; the Marine Protection, Research and Sanctuaries Act; the Resource Conservation and Recovery Act and the Endangered Species Act have been couched in almost identical terms by these three groups of Plaintiffs.

*such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."* (Emphasis supplied).

■ The paramount objective of consolidation is the accomplishment of great convenience and economy in the administration of justice. *Feldman v. Hanley*, 49 F.R.D. 48 (D.C.N.Y., 1969). The rule seeks to avoid overlapping duplication in motion practice, pretrial and trial procedures occasioned by competing counsel representing different Plaintiffs. *Abrams v. Occidental Petroleum Corp.*, 44 F.R.D. 543 (S.D.N.Y., 1968).

■ The necessity of insuring an economical and expeditious disposition is particularly compelling under the circumstances of these cases. We think that the nature of the claims asserted, the various parties appearing through separate counsel, the extent of contemplated discovery and the problems which have already arisen in discovery, *inter alia*, make this action very likely to be protracted. For that reason we directed the parties to consider the naming of lead counsel in connection with the pretrial and trial matters.

In view of the objections voiced by counsel for Plaintiffs in Civ. number 78–377 and by counsel for Plaintiffs-Intervenors in Civ. number 78–323, the Court was faced with two alternatives: de-consolidating the actions and denying intervention, or utilizing an adequate procedure to channel the efforts of counsel along constructive lines. After a careful balancing of the equities involved, the Court has chosen the latter path.

Nothing has been brought to us indicating the inappropriateness of naming a lead counsel for each of the subject matter areas contained in the various complaints. At the hearing it transpired that there is substantial agreement between the Plaintiffs regarding the basic scope of the environmental claims asserted. Under the peculiar exigencies of this case, the Court is convinced that the interests of Justice and of all parties would be best served by the appointment of lead counsel. As the Court stated in *McAllister v. Guterma*, 263 F.2d 65 (2nd Cir., 1958):

"The advantages of this procedure should not be denied litigants because of misapplied notions concerning interference with a party's right to his own counsel." Id. at 69.

In view of the aforementioned grounds, and after examining the pleadings filed herein, it is hereby ORDERED:

1) That Mr. John A. Hodges, attorney for Plaintiffs in Civ. number 78–323 be and is hereby appointed as lead counsel regarding all the claims of alleged violations of federal and local environmental laws. Mr. Hodges shall also act as lead counsel in the topics of increase in activities in Vieques, alleged violations of agreements with the Commonwealth and the Public Nuisance claims set forth in the various complaints.

2) Mr. Wilfredo Geigel, counsel for Intervenor in Civ. number 78–377 is hereby appointed as lead counsel regarding the archeological areas solely alleged in Intervenor's complaint, as well as the claims set forth in all the complaints under the National Historical Preservation Act.

3) Mr. Pedro J. Saade and Miss Judith Berkan, counsel for Intervenors in Civ. number 78–323 and for Plaintiffs in Civ. number 78–377, respectively, shall act as lead counsel in connection with the following areas:

a—The specific acts alleged in support of the claims for damages to fishermen.

b—The taking claims based on the acquisition of land by the United States Navy, and the constitutional issues distinctly alleged by these Plaintiffs.

c—The Federal Relations Act and International Law claims alleged by these Plaintiffs.

Each of the appointed lead counsel shall center his efforts in discovery pertaining to his particular areas and will assume a leading role in the prosecution of each of the designated topics. Lead counsel are appointed to supervise, coordinate and direct all pre-trial and trial proceedings related to the assigned subjects. See, *Feldman v. Hanley*, supra; *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir., 1977);

*Katz v. Realty Equities Corp.*, 521 F.2d 1354 (2nd Cir., 1975); *Farber v. Riker-Maxson Corp.*, 442 F.2d 457 (2nd Cir., 1971); *In Re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir., 1977); *Abrams v. Occidental Petroleum Company*, supra.

In no way should this appointment be understood to infringe upon the rights of the various Plaintiffs. The power of each lead counsel to initiate and delineate discovery and to conduct the case in his particular areas is to be exercised after due consultation with the other attorneys, who shall maintain constant communication with their respective clients. In the event a particular Plaintiff deems that he is being prejudiced by this procedure, he may apply to the Court for appropriate relief.

Considering the present order, the Motion to Compel filed by Plaintiffs in Civ. number 78–377 is denied without prejudice. The United States Attorney is directed to substantiate by Affidavit any eventual claim of privilege as to the documents sought in discovery.

The parties are advised that the consolidated hearing for preliminary and permanent injunction will commence on September 5, 1978.

As respects the motion for inspection of restricted areas, Plaintiffs shall indicate the specific places to be inspected within the impact zones. The Defendants shall thereupon take all reasonable steps to make the areas safe for inspection on the specified dates. The designated persons are to enter the premises at their own risk. In view of the agreements reached by the parties, no further action is now required concerning the requested inspections.

The Court reiterates that the mechanisms of discovery are to be utilized so as to prevent undue oppression or hardship.

IT IS SO ORDERED.