INDEPENDENT SCHOOL DISTRICT # 89, OKLAHOMA COUNTY, OKLAHOMA, on behalf of itself and all others similarly situated, Plaintiff,

v.

BOLAIN EQUIPMENT, INC., a corporation, Braziel's Thomas Bus Sales & Service, Inc., a corporation, Carpenter Bus Sales, Inc., a proprietorship, Keas Superior Bus Sales, Inc., a corporation, Standard Equipment Sales Co., a corporation, Wayne Bus & Equipment Sales, Inc., a corporation, Distributor-Defendants,

and

Blue Bird Company, Inc., a Georgia Corporation, Carpenter Body Works, Inc., an Ohio Corporation, Thomas Built Buses, Inc., a North Carolina Corporation, Ward School Bus Mfg., Inc., an Arkansas Corporation, Superior Coach Division of Sheller-Globe Corporation, an Ohio Corporation, Wayne Transportation Division of Indiana Head Corporation, an Indiana Corporation, Manufacturer-Defendants, and certain persons, presently unknown, in their individual capacities, who are owners, shareholders and managing officers of the above-named Defendant companies, Defendants.

No. CIV–78–0173–D.

United States District Court,
W. D. Oklahoma.

Feb. 19, 1980.

Murray Cohen and Eric J. Groves, Oklahoma City, Okl., for plaintiff.

Bert M. Grigg, Tulsa, Okl., for defendant Bolain Equipment.

George H. Ramey, Yukon, Okl., for defendant Braziel's Thomas.

Todd Markum, Oklahoma City, Okl., for defendant Carpenter Bus.

Ronald L. Ripley, John B. Estes and Craig Dawkins, Oklahoma City, Okl., for defendant Keas Superior Bus Sales.

John J. Griffin, Jr. and D. Kent Meyers, Oklahoma City, Okl., for defendant Standard Equipment Sales Co.

Kenneth N. McKinney, Oklahoma City, Okl., for defendant Wayne Bus & Equipment Sales, Inc.

Thomas W. Rhodes, Atlanta, Ga., and B. J. Rothbaum, Oklahoma City, Okl., for defendant Blue Bird Co.

James E. Hawes, Jr., Harry T. Ice, James A. Shanahan, Indianapolis, Ind., and John T. Edwards, Oklahoma City, Okl., for defendant Carpenter Body Works, Inc.

Thomas M. Lofton, Stephen W. Terry, Jr., Indianapolis, Ind., and James D. Foliart and Glen D. Huff, Oklahoma City, Okl., for defendant Thomas Built Buses, Inc.

Robert E. Jensen and John J. McMackin, Jr., Washington, D. C., and Richard L. Bohanon, Oklahoma City, Okl., for defendant Ward School Bus Mfg., Inc.

Bruce L. Smith, Toledo, Ohio, and James W. Shepherd, Robert Nelon and Richard A. Rogoff, Oklahoma City, Okl., for defendant Superior Coach Division of Sheller-Globe Corp.

Trammell E. Vickery and Kent E. Mast, Atlanta, Ga., and Francis Irvine, Oklahoma City, Okl., for defendant Wayne Transportation Division of Indiana Head Corp.

## ORDER

DAUGHERTY, Chief Judge.

This is a private antitrust action brought under § 4 of the Clayton Act, 15 U.S.C. § 15, by Plaintiff Independent School District No. 89 of Oklahoma County, Oklahoma, against six manufacturers of school bus bodies and six corresponding in-state distributors of those bus bodies as a class action on behalf of all school districts within the state of Oklahoma which have purchased school bus bodies from the Defendants. In its Amended Complaint Plaintiff alleges that the Defendants have conspired to fix and maintain prices for the sale of school buses in violation of § 1 of the Sherman Act, 15 U.S.C. § 1, to restrain interstate trade and commerce and to create a monopoly and to lessen competition in violation of § 2 of the Sherman Act, 15 U.S.C. § 2, and to fix the prices of school buses at artificially high levels contrary to 79 Okla. Stat.1971 §§ 1 and 3. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1337.

Plaintiff has filed herein a Motion to Certify as Class Action under Rule 23, Federal Rules of Civil Procedure. Said Motion is supported by a Brief. Defendants have filed several Briefs in opposition to Plaintiff's Motion, and Plaintiff has replied

thereto. An evidentiary hearing was held in connection with the instant Motion on December 20, 1979. *See Rossin v. Southern Union Gas Co.*, 472 F.2d 707, 711–712 (Tenth Cir. 1973).

■ Upon examination of Plaintiff's pleadings, including the instant Motion and related Briefs, and from the evidence presented at the hearing conducted on said Motion, the Court is persuaded that Plaintiff has established the existence of a "class," an essential prerequisite of an action under Rule 23, *supra*. 7 Wright and Miller, *Federal Practice and Procedure*: Civil § 1760, at 579 (1972). In this connection, Plaintiff defined the alleged class at the evidentiary hearing herein as all school districts within Oklahoma which have purchased school buses from the Defendants within the four years preceding the filing of this action. However, even if a class exists in a particular case, a class action may be maintained only if all four prerequisites of Rule 23(a) and at least one of the prerequisites of Rule 23(b) are satisfied. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974); *Monarch Asphalt Sales Co. v. Wilshire Oil Co. of Texas*, 511 F.2d 1073, 1077 (Tenth Cir. 1975); *Stoner v. Ford*, 390 F.Supp. 327, 328 (N.D.Okla.1974). The party seeking class action certification has the burden of showing that all the requirements of Rule 23 have been clearly met. *Rex v. Owens ex rel. State of Oklahoma*, 585 F.2d 432, 435 (Tenth Cir. 1978); *Rossin v. Southern Union Gas Co., supra*, 472 F.2d at 712; *Stoner v. Ford, supra*; 7 Wright and Miller, *supra*, at § 1759.

■ The first requirement that Plaintiff must satisfy is that the class be "so numerous that joinder of all members is impracticable." Rule 23(a)(1), Federal Rules of Civil Procedure; *Peterson v. Oklahoma City Housing Authority*, 545 F.2d 1270, 1273 (Tenth Cir. 1976); *Williams v. Wohlgemuth*, 366 F.Supp. 541, 544 (W.D.Pa. 1973), *aff'd mem.*, 416 U.S. 901, 94 S.Ct. 1604, 40 L.Ed.2d 106 (1974); *Tuma v. American Can Co.*, 367 F.Supp. 1178, 1188 (D.N.J. 1973). In this regard, the number of class members is relevant, but the language of the rule as construed emphasizes that this criterion is not a "numerousness test," but rather a determination of impracticability of joinder. 4 Newberg *Class Actions* § 7512, at 9 (1977). The determination of practicability depends on all the circumstances surrounding the case, *Rex v. Owens ex rel. State of Oklahoma, supra*, 585 F.2d at 436; *Stoner v. Ford, supra*; *Goldblum v. Boyd*, 60 F.R.D. 421, 426 (W.D.La.1973), including the magnitude of claims and the degree of dispersion of the prospective plaintiffs. *Harriss v. Pan American World Airways, Inc.*, 74 F.R.D. 24, 45 (N.D.Cal. 1977). Although the mere number in a class is not controlling on the issue of impracticability of joinder, it is most significant and a *sine qua non* to be considered. *Goldblum v. Boyd, supra*.

■ In the instant case, Plaintiff alleges that there are six hundred school districts in Oklahoma, all of which are potential class members. A closer look at this allegation reveals, however, that the same is merely a list of all the school districts in Oklahoma. Plaintiff has presented no evidence as to how many, if any, of the six hundred school districts purchased school bus bodies from the Defendants. Clearly, most if not all of these school districts would use some school buses. This fact does not help in the determination of how many such districts purchased school bus bodies from the Defendants as it appears that school bus bodies may be purchased new in Oklahoma from the named Defendants only, or leased or purchased from other sources. Furthermore, it was revealed at the evidentiary hearing that Plaintiff sent a letter to each of the six hundred school districts soliciting their participation in the instant action and requesting funds from each district to offset the expense of the instant litigation. Further solicitation of funds by Plaintiff was forbidden by Order of this Court on September 30, 1978. Only fifty-one of the six hundred school districts responded to Plaintiff's letter, and only forty-one of the responding districts expressed any interest in participating in the present action.

Thus, the evidence before this Court concerning the number of class members is that only forty-one of the six hundred districts have even a minimal interest in participating in the instant action. Additionally, there is an absence of evidence that the forty-one responding districts made any purchases from the named Defendants, thereby making said districts proper class members. Plaintiff has made no showing that joinder of the forty-one apparent class members would be impracticable. Where there is no showing by Plaintiff as to the size of the alleged class or that the number of the alleged class is so large that intervention or joinder is impracticable, class certification should be denied. *See Rex v. Owens ex rel. State of Oklahoma, supra; Demarco v. Edens*, 390 F.2d 836, 845 (Second Cir. 1968); *Williams v. Wohlgemuth, supra; Tuma v. American Can Co., supra; William Goldman Theatres, Inc. v. Paramount Film Distributing Corp.*, 49 F.R.D. 35, 39 (E.D.Pa.1969); *Utah v. American Pipe and Construction Co.*, 49 F.R.D. 17, 21 (C.D.Cal.1969).

█ In the instant action, the Court in its discretion finds that this case should not be maintained as a class action as it has not been sufficiently shown to the Court that the joinder or intervention of all who might be expected to join will be impracticable. Upon consideration of the limited geographic area involved in this case, the limited number of school districts apparently interested in the litigation and the product involved, the Court concludes that the instant action herein does not warrant class action treatment. *See, e. g., In re: Wheat Farmers Antitrust Class Action Litigation*, No. 129 (J.P.M.D.L. June 25, 1979) (order denying class action recertification).

The number of potential class members in the instant action is not so numerous as to make joinder impracticable or to make a class action any more likely to promote uniformity of decision than joinder. *See, e. g., Barcelo v. Brown*, 78 F.R.D. 531, 535 (D.P.R.1978) (class action certification unnecessary where there were approximately 150 potential class members); *Aiello v. City of Wilmington, Del.*, 426 F.Supp. 1272, 1282–83 (D.Del.1976) (250 potential class members are not so numerous as to make joinder impracticable); *United Steelworkers of America, Local 8024 v. Jarl Extrusions, Inc.*, 405 F.Supp. 302, 303 (E.D.Tenn. 1975), *aff'd*, 527 F.2d 648 (Sixth Cir. 1975) (joinder of 85 potential class members practicable); *Van Allen v. Circle K Corp.*, 58 F.R.D. 562, 564 (C.D.Cal.1972) (149 potential class members would not create an unmanageable piece of litigation); *Minersville Coal Co. v. Anthracite Export Ass'n*, 55 F.R.D. 426, 428 (M.D.Pa.1971) (330 potential class members are not so numerous as to make joinder impracticable); *Utah v. American Pipe and Construction Co., supra*, 49 F.R.D. at 21 (joinder of 350 plaintiffs practicable); *Bennett v. United States*, 266 F.Supp. 627, 629 (W.D.Okla.1965) (potential claims of all residents and property owners in Oklahoma City not so numerous as to require a class action).

█ In addition, the geographic distribution of the purported members of the class involved in this case, in that all such school districts are located in Oklahoma, the same general geographic area, is a factor weighing in favor of the practicability of joinder. *In re: Wheat Farmers Antitrust Class Action Litigation, supra; see Demarco v. Edens, supra; Ewh v. Monarch Wine Co., Inc.*, 73 F.R.D. 131, 133 (E.D.N.Y.1977); *Carr v. New York Stock Exchange, Inc.*, 414 F.Supp. 1292, 1304 (N.D.Cal.1976).

In view of the foregoing, the Court is unable to conclude that a class action in the case involved in this litigation would achieve economies of time, effort and expenses or promote any more uniformity of decision than the use of joinder and intervention. *See Notes of Advisory Committee*, 39 F.R.D. 73, 102–103 (1966).

Accordingly, Plaintiff's Motion to Certify as Class Action should be overruled. Pursuant to Rule 23(d)(4), Federal Rules of Civil Procedure, the pleadings in this action are hereby amended to eliminate therefrom allegations as to Plaintiff's representation of absent persons, and the action is to proceed accordingly.

It is so ordered.